11-3388-cr
United States v. Ly

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of January, two thousand thirteen.

Present:    PIERRE N. LEVAL,
            ROSEMARY S. POOLER,
            BARRINGTON D. PARKER,
                    *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

          *Appellant,*

              v.                                      No. 11-3388-cr

HUONG THI KIM LY,

          *Defendant-Appellee.*

_____

For Appellant:          Soumya Dayananda (Amy Busa, Assistant United States Attorneys, *on
                        the brief*), *for* Loretta E. Lynch, United States Attorney for the Eastern
                        District of New York, Brooklyn, NY

For Defendant-Appellee: Edward M. Kratt, New York, NY

_____

Appeal from the United States District Court for the Eastern District of New York (Johnson, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and

**DECREED** that the judgment of the district court dated July 22, 2011, be and hereby is

**AFFIRMED**.

The United States appeals from the district court's grant of a new trial in the criminal trial of Defendant Huong Thi Kim Ly. We assume the parties' familiarity with the underlying facts and procedural history.

"We review the decision of the district court to grant a new trial for abuse of discretion." *United States v. Ferguson*, 246 F.3d 129, 133 (2d Cir. 2001). Under Fed. R. Crim. P. 33, a district court may grant a new trial to a defendant "if the interest of justice so requires," which we have explained means that "letting a guilty verdict stand would be a manifest injustice." *Ferguson*, 246 F.3d at 133-34.

We affirm the district court's grant of a new trial. We believe the district court was correct in its perception that its response to the jury's request for a more helpful definition of domestic violence, telling the jury no more than to use its common sense, failed to give the jury appropriate guidance and potentially prejudiced defendant's case. *See United States v. Wilkerson*, 361 F.3d 717, 732 (2d Cir. 2004). For example, the defendant testified to several incidences of conduct, which constitute domestic violence within the meaning of the statute, such as a slap in the face, but which the jury might erroneously have believed too trivial to be considered violence. The court's failure to explain the term "domestic violence" to the jury could

well have prejudiced the defense. We conclude that the court's decision to grant a new trial was within the court's lawful discretion. Accordingly, we reject the government's appeal.[1]

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

[1] The district court appeared to believe, in addition, that the jury should have been instructed that purely emotional abuse, involving neither incidence nor threat nor attempt of physical harm or force, also qualifies as domestic violence, so that flight from such conduct would constitute a defense to international child kidnapping under 18 U.S.C. § 1204. The court relied in part on a website posting by the Department of Justice's Office on Violence Against Women, which defined "domestic violence" to include purely emotional, economic, or psychologic abuse. *See* USDOJ: OFFICE ON VIOLENCE AGAINST WOMEN: CRIMES OF FOCUS: DOMESTIC VIOLENCE, http://www.ovw.usdoj.gov/domviolence.htm (last updated August 2012).

It is by no means clear to us that Congress intended by § 1204 to make a spouse's flight from purely emotional abuse (such as, calling one's spouse "stupid," for example), unaccompanied by any incidence or threat of physical force, a defense to kidnapping. Domestic violence must include the use of physical force and any threats, explicit or implicit, including gestures and psychological means, that create a reasonable fear of harm in the victim. In other statutes, Congress has repeatedly used the term "violence" to mean physical harm or threatened or attempted physical harm. For example, 18 U.S.C. § 16 defines a "crime of violence" as an "offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another," or an offense "that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *See also id.* § 3156(a)(4) (same). That definition of "crime of violence" is incorporated in several statutes into the term "domestic violence." *See, e.g.,* 8 U.S.C. § 1227(a)(2)(E)(i) (defining "crime of domestic violence" in context of immigration laws as a "crime of violence (as defined in section 16 of Title 18)" against a person committed by a current or former spouse or similarly-related individual); 18 U.S.C. § 2261(a) (defining "interstate domestic violence" as a crime where a person with the requisite intent and relationship to the victim "commits or attempts to commit a crime of violence"); *id.* § 3561(b) (defining "domestic violence crime" as a "crime of violence" against a current or former spouse or similarly-related individual); 42 U.S.C. § 13925(a)(6) (defining "domestic violence," for purposes of subchapter III of Chapter 136 of Title 42, as "crimes of violence" committed by a current or former spouse or similarly-related individual).

We have no need to rule definitively on the issue at this time and do not do so. We urge the district court to request full briefing of the issue before instructing the jury in the new trial.